IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Ramirez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>　　　　　　Defendants. | No. CV-14-00191-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its own review. On February 3, 2014, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 and requested permission to proceed in forma pauperis. (Doc. 1.) On September 18, 2014, the Court granted Plaintiff in forma pauperis status. (Doc. 11.) The Court also ordered Defendant Ramos to answer Count One of the Complaint and ordered the United States Marshal Service (USMS) to serve Defendant Ramos. (*Id.*) The Court dismissed Plaintiff's remaining claims and the remaining Defendants. (*Id.*) To facilitate service, the Court ordered Plaintiff to return a completed service packet for service on Defendant Ramos to the Court within twenty-one days of the filing of the September 18, 2014 Order. (Doc. 11 at 27.)

After that deadline passed, on October 21, 2014, the Court ordered Plaintiff to show cause why the Court should not dismiss this case based on Plaintiff's failure to return a completed service packet to the Court. (Doc. 13.) Plaintiff filed a response explaining why he had not returned a completed service packet to the Court. (Doc. 16.)

Therefore, the Court found that Plaintiff had discharged his obligation to respond to the order to show cause and did not dismiss the case. (Doc. 17.) In the meantime, Plaintiff filed a motion for leave to file an amended complaint, but did not file a proposed amended pleading. (Doc. 14.) On October 31, 2014, the Court granted Plaintiff sixty days from the date of the order to file an amended complaint.[1] (Doc. 18.)

On December 24, 2014, Plaintiff filed a First Amended Complaint.[2] (Doc. 20.) Thereafter, the assigned magistrate judge screened the First Amended Complaint and filed a report and recommendation recommending dismissal of all claims and defendants, except for Plaintiff's claims asserted against Defendant Ramos in Count One of the First Amended Complaint. (Doc. 25 at 3-4.) On May 22, 2015, the Court adopted the report and recommendation and ordered Plaintiff to return a completed service packet for service on Defendant Ramos to the Court within twenty-one days of the filing of the May 22, 2015 Order.

On June 5, 2015, Plaintiff filed a motion for an extension of time to file a second amended complaint. (Doc. 26.) On June 9, 2015, the Court denied the motion because there was no pending deadline for filing a second amended complaint. (Doc. 27.) The Court advised Petitioner that because he had already amended his complaint, he needed the Court's permission to file a second amended complaint. (*Id.*) The Court also advised Plaintiff that a party seeking permission to file an amended complaint must comply with Rule 15.1 of the Local Rules of Civil Procedure, and set forth the requirements of that rule. (*Id.* at 2.)

The deadline for returning the completed service packet passed, but Plaintiff did not return a completed service packet to the Court. Accordingly, on July 6, 2015, the Court ordered Plaintiff to show cause, on or before July 20, 2015, why the Court should not dismiss this action based on Plaintiff's failure to comply with the Court's May 22,

---

[1] At that time, the case was referred to Magistrate Judge David K. Duncan.

[2] On April 15, 2015, this matter was reassigned to Magistrate Judge Bridget S. Bade as a referral judge for pretrial proceedings. (Doc. 21.)

2015 Order. (Doc. 28); *See* Fed. R. Civ. P. 41(b) (stating that the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . .").

On July 23, 2015, Plaintiff filed a response to the Court's Order. (Doc. 29.) However, Plaintiff's response does not specifically address his failure to return a completed service packet to the Court for service on Defendant Ramos. Rather, he argues that dismissal is not appropriate because there is no deadline for filing an amended complaint and he is working on preparing an amended pleading. (*Id.*) He explains that he has been unable to file an amended pleading because he has limited access to legal resources and "mental incapacitations." (*Id.* at 2.)

Plaintiff commenced this section 1983 action nearly eighteen months ago. (Doc. 1.) He has already filed an amended complaint. (Doc. 20.) Although Plaintiff may be experiencing difficulty preparing a second amended complaint due to his incarcerated status and health issues, he does not explain why he has failed to return a completed service packet to the Court for service on Defendant Ramos. Plaintiff chose when to commence this action and has had ample time to return a completed service packet for service on Defendant Ramos. Plaintiff does not explain how his plan to file a second amended complaint has prevented him from complying with the Court's orders regarding returning a service packet to the Court for service on Defendant Ramos. Considering Plaintiff's failure to comply with the Court's orders, the Court recommends that this matter be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that this matter be dismissed without prejudice based on Plaintiff's failure to comply with Court orders.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's

1  judgment. The parties shall have fourteen days from the date of service of a copy of this
2  recommendation within which to file specific written objections with the Court. *See* 28
3  U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within
4  which to file responses to any objections. Failure to file timely objections to the
5  Magistrate Judge's Report and Recommendation may result in the acceptance of the
6  Report and Recommendation by the District Court without further review. *See United*
7  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely
8  objections to any factual determinations of the Magistrate Judge may be considered a
9  waiver of a party's right to appellate review of the findings of fact in an order or
10 judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ.
11 P. 72.

Dated this 28th day of July, 2015.

Bridget S. Bade
United States Magistrate Judge